# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTOINE D. COOK, | CASE NO. 5:18-cv-1752 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | MEMORANDUM OPINION AND ORDER |
| METRO REGIONAL TRANSIT AUTHORITY, et al, | |
| DEFENDANTS. | |

## Background

Antione D. Cook, a prisoner in the Summit County Jail, has filed against the Metro Regional Transit Authority in Akron, Ohio (MRTA) and the Akron City Police Department an *in forma pauperis* civil complaint pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. (Doc. No. 1.)

Cook's complaint pertains to an incident that occurred at a Metro Regional Transit Center on September 30, 2017, as to which plaintiff contends he was falsely charged with assault. Plaintiff alleges that, while he was waiting for a bus at the Transit Center that day, Center Supervisor Stephen D. Grouch approached him, made a number of discriminatory and accusatory statements toward him, including racial slurs, and then violently assaulted and injured him. He alleges that, while he was on his way to report the incident and "to get his injuries documented and to get police assistance," he was stopped by the "Akron City Police Department" and "[o]fficers" told him he was being arrested for assaulting Grouch. (*Id.* at 3.[1])

---

[1] Page number references are to the page identification number generated by the Court's electronic docketing system.

Plaintiff alleges that the "defendants" conspired to falsely charge him with assault. (*Id*. at 4.) He contends police officers denied his repeated requests to review transit surveillance video footage of the incident to determine what occurred and that they did so "knowingly . . . for the very purpose of assisting 'Mr. Grouch' to cover up the assault." (*Id*.) He alleges the assault charge was dismissed after he made a successful *pro se* motion to the Akron Municipal Court requesting that the video from the Transit Center be retrieved, and that, after he filed a personal injury claim with the MRTA in November 2017, Mr. Grouch was terminated for acting outside of the scope of his position. Cook further alleges he was "found to have violated his parole- post release control" in another case "for being arrested for assault[]" and was required to serve 215 days of incarceration. (*Id*.)

Plaintiff contends he was unlawfully discriminated against on the basis of his "ethnic background," and he seeks $250,000 in damages from each defendant, as well as injunctive relief.

**Standard of Review**

Because plaintiff is a prisoner suing governmental entities and is proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. §§ 1915(e) and 1915A. Those statutes require the Court to dismiss the complaint, or any portion of it, that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 86 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007) govern dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). Because plaintiff is proceeding *pro se*, his complaint is construed liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

**Discussion**

Upon review, the Court finds that plaintiff's complaint against the MRTA and "Akron City Police Department" must be dismissed under § 1915A.

First, plaintiff has not alleged any plausible claim for relief against either defendant under Title VII because Title VII prohibits discrimination in the employment context. *See* 42 U.S.C. § 2000e–2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."). Plaintiff's allegations clearly do not pertain to employment discrimination prohibited by Title VII.

Second, although the facts plaintiff alleges may be sufficient to suggest he may have plausible federal civil rights claims, they are insufficient to support plausible claims against the defendants named in the case. Section 1983 creates a cause of action against "persons" who under color of law act to deprive a plaintiff of a constitutional right. 42 U.S.C. § 1983 ("Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

3

proceeding for redress. . . ."). Local police departments are not entities capable of being sued under Section 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Further, "[i]t is well established that a municipal entity may not be sued for injuries inflicted solely by its employees or agents under § 1983." *Baynes v. Cleland*, 799 F.3d 600, 620 (6th Cir. 2015), *citing Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, a municipal entity may be held liable only "for the entity's own wrongdoing." *Id*. There must be allegations suggesting that an official policy or custom of the entity itself actually served to deprive an individual of his or her constitutional rights. *Id*. *See also Cummings v. Greater Cleveland Reg'l Transit Auth.*, 88 F. Supp. 3d 812, 819 (N.D. Ohio 2015) ("RTA is correct that it is not necessarily liable for the alleged constitutional violations of its employees. RTA may be liable if Cummings can show an 'officially executed policy, or the toleration of a custom . . . [that] leads to, causes, or results in the deprivation of a constitutionally protected right.'" (quoting *Doe v. Claiborne Cty., Tenn. by & through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996)).

There are no allegations in plaintiff's complaint plausibly suggesting that an unconstitutional municipal policy or custom of MRTA, or the City of Akron, caused a violation of his constitutional rights. Municipal entities cannot be held liable under § 1983 solely on the basis they employed a tortfeasor. *See Baynes*, 799 F.3d 620.

**Conclusion**

Accordingly, plaintiff's complaint in this case is dismissed pursuant to § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith. This dismissal is without prejudice to civil rights claims plaintiff may assert against proper parties in another lawsuit.

**IT IS SO ORDERED**.

Dated: November 21, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**